

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2002

# Dearth v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Dearth v. Comm Social Security" (2002). *2002 Decisions*. Paper 292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3356
_____

RONALD A. DEARTH,

Appellant,

vs.

JO ANNE B. BARNHART,* COMMISSIONER OF SOCIAL SECURITY,

*Pursuant to Fed. R. App. P. 43(c)
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 00-cv-1257)
District Judge:  The Honorable Donetta W. Ambrose
_____

ARGUED APRIL 30, 2002

BEFORE: NYGAARD, ROTH, and WEIS, Circuit Judges.


(Filed   May 23, 2002  )
_____

 John G. Burt, Esq. (Argued)
5th Floor, 429 Fourth Avenue
Law & Finance Building
Pittsburgh, PA 15219
        Counsel for Appellant


David F. Chermol, Esq. (Argued)
Heather Benderson, Esq.
Social Security Administration
OGC/Region III
P. O. Box 41777
Philadelphia, PA 19101
        Counsel for Appellee

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

        Appellant, Ronald Dearth, appeals the District Court's order affirming the final decision of the Commissioner of Social Security that Dearth is not entitled to Supplemental Security Income under Title XVI of the Social Security Act.  Dearth claims that the Commissioner's decision was not supported by substantial evidence.  We

disagree and will affirm.

When evaluating Social Security appeals, we are limited to determining whether the Commissioner's final decision is supported by substantial evidence. 42 U.S.C. 405(g); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). The Act further states that, to prove disability, one must show that "he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d)(2)(A).

In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) had a severe impairment; 3) had an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to his past relevant work; and 5) if not, whether he can perform other work in the national economy. 20 C.F.R. 416.920(a).

After an administrative hearing, the Administrative Law Judge determined that, although Dearth had substantial mental impairments, he nonetheless was able to perform a limited range of medium work of a type that was prevalent throughout the nation. This conclusion was supported by the testimony of numerous doctors that Dearth functioned reasonably well when receiving regular psychiatric treatment including medication. This testimony was reinforced by Dearth himself, who told his doctor that his regimen of Paxil "seem[ed] to be working" and that he felt "pretty good" (Tr. 245-46). See Gross v. Heckler, 785 F.2d 1163, 1165-66 ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."); 20 C.F.R. 404.1530 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.") Furthermore, there was testimony that Dearth was able to live on his own, care for his physical needs, perform household chores including cooking and cleaning, and shop for groceries.

Considering all the evidence, the ALJ concluded that Dearth suffered from major depression, loss of digits on both hands, and degenerative disc disease, all of which left him severely impaired, but that these impairments did not meet or equal any of the listed impairments. Moving on, the ALJ found that Dearth could not return to his previous work as an upholsterer's assistant, but that he could perform a number of other jobs available in quantity in the local and national economies. Those jobs included security guard and inventory clerk. Thus, the ALJ concluded that Dearth was not disabled. The Social Security Administration Appeals Council refused to review this decision and, thus, the ALJ's decision became the final decision of the Commissioner.

Because this decision is supported by substantial evidence, the District Court properly affirmed it. We will do likewise.

_____

Please file the foregoing opinion.

\s\Richard L. Nygaard
Circuit Judge